BERTIE HUNSINGER, Administratrix of James R. Hunsinger, v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY.

(Filed 14 December, 1927.)

Negligence—Contributory Negligence—Last Clear Chance — Railroads — Wrongful Death—Fact of Killing—Instructions.

In an action against a railroad company for the negligent killing in the night of the plaintiff's intestate by the defendant's train running over him while lying apparently helpless upon the track, involving the issues of negligence, contributory negligence and the last clear chance, in which both in the pleadings and by the evidence it is controverted as to whether the intestate was dead at the time the train struck him, the

fact as to whether he was killed by the train should first be determined by the jury, and a charge that fails to instruct the jury as to the law arising from the evidence in the case is reversible error to the defendant's prejudice.

APPEAL by defendant from *McElroy, J.,* at April Term, 1927, of CLEVELAND.   New trial.

Action to recover damages for death of plaintiff's intestate alleged to have been caused by the negligence of defendant.

The issues were answered by the jury as follows:

1. Was plaintiff's intestate killed by the negligence of the defendant as alleged in the complaint?   Answer: Yes.

2. Did plaintiff's intestate, by his own negligence, contribute to his death, as alleged in the answer?   Answer: Yes.

3. Notwithstanding the negligence of plaintiff's said intestate, could the defendant, by the exercise of ordinary and reasonable care, have avoided killing the said James R. Hunsinger?   Answer: Yes.

4. What damages, if any, is the plaintiff entitled to recover of the defendant?   Answer: $15,000.

From judgment upon the verdict defendant appealed to the Supreme Court.

*W. C. McRorie and Ryburn & Hoey for plaintiff.*

*J. J. McLaughlin, Pless, Winborne, Pless & Proctor and Fred D. Hannah for defendant.*

CONNOR, J.   In her complaint in this action, plaintiff alleges "that on the morning of 7 June, 1925, at about 2:45 a.m., plaintiff's intestate, James R. Hunsinger, was down upon the track of defendant railroad company at a point near the depot of defendant at Forest City, N. C., and was stricken on said track by the northbound fast freight train of defendant and killed."

Answering said allegation, defendant says: "It is admitted that plaintiff's intestate was down on the track of the defendant company at a point near the depot of defendant at Forest City, and was stricken by a northbound train at some hour near the time alleged in said paragraph. It is denied that defendant killed plaintiff's intestate, but on the contrary, as defendant is informed and believes, and therefore alleges, the said intestate was dead on the track before the approach of said train."

The primary question involved in the first issue was whether or not the injuries inflicted by defendant's train upon the body of plaintiff's intestate caused his death.   If defendant's train did not kill said intestate, plaintiff cannot recover in this action, notwithstanding defendant's negligence in the operation of its train, as alleged in the com-

plaint. Defendant denies not only negligence in the operation of its train, but also that said train killed the deceased.

Upon the trial there was evidence tending to show that the death of plaintiff's intestate was caused by defendant's train; that although down on the track at the time he was struck, he was not dead, but alive. On the contrary, there was evidence tending to show that prior to the time he was stricken by defendant's train he had received fatal injuries on his head, from which he had died before his body was placed on the track. In view of the sharp conflict in the evidence with respect to this phase of the case, it was for the jury to determine first, before considering the evidence pertinent to the allegations of actionable negligence involved in the first issue, whether or not plaintiff's intestate was killed by defendant as contended by plaintiff. The law of this State forbids the judge from giving, in his charge to the jury, an opinion as to whether or not a fact is fully or sufficiently proven, that being the true office and province of the jury. C. S., 564.

With respect to the first issue, the court charged the jury as follows:

"The court further charges you, gentlemen of the jury, that if you find from the evidence and by its greater weight, that defendant's servants in charge of the engine either discovered, or by the exercise of ordinary care might have discovered plaintiff's intestate lying on the track in an apparently helpless condition, and that defendant's servants in charge of the engine could, by the exercise of ordinary care, have stopped the train and avoided the accident after seeing the plaintiff's intestate in a place of peril, or if they could have seen him by the exercise of ordinary care and that plaintiff's intestate was killed by reason of and as a proximate result of the failure of defendant's servants and agents to stop such train after they saw or could have seen plaintiff's intestate lying on the tracks, then, gentlemen of the jury, the court charges you it would be your duty to answer the first issue 'Yes,' but if plaintiff has failed to satisfy you by the greater weight of the evidence of these facts, then it is your duty to answer the issue 'No.' If you answer the first issue 'No,' that is, that plaintiff's intestate was not killed by the negligence of the defendant company, you need not answer the other issues at all, as that ends the case, but if you answer the first issue, 'Yes,' you will proceed to the consideration of the second issue."

With respect to the second issue, the court charged the jury as follows:

"The court charges you that under the pleadings and evidence in this case it is your duty to answer this second issue 'Yes,' as the plaintiff sets forth the fact that her husband was at the time intoxicated or under the influence of some drug, and in such condition that he went upon the track and became in a helpless condition while on the track."

Defendant's assignments of error, based upon exceptions to these instructions, must be sustained. While defendant denied the allegations of actionable negligence in the complaint, and offered evidence tending to contradict the evidence offered by plaintiff, in support of these allegations, its defense was based primarily upon its denial that plaintiff's intestate was killed by its train. These instructions are predicated upon the fact that the death of the deceased was caused by the train, and if this fact had been admitted or found by the jury, are correct. But this primary fact was sharply controverted, and there was evidence from which the jury might have found the facts to be, not as contended by plaintiff, but as contended by defendant. We do not find anywhere in the charge of the court to the jury, which is set out in full in the case on appeal, that the controversy as to this matter was clearly submitted to the jury.

The evidence in support of plaintiff's contention that deceased was intoxicated, or under the influence of a drug, immediately prior to his being stricken by the train, and was down upon the track in this condition, was to say the most, very slight. There is, indeed, no evidence that he was under the influence of a drug; there is evidence that he had taken a drink of whiskey, during the evening before he was found upon the track, between two and three o'clock in the morning, dead, with wounds upon his head, and with his body cold. There is no evidence from which the jury could find that he drank whiskey or other intoxicant, after he had returned home from the swimming pool. In the meantime he had driven a Ford car, with plaintiff, his wife, as a passenger, some eight or ten miles to her father's home, and after his return to his home, had shaved himself, shortly before his dead body was found on the track. There was other evidence tending to show that he was sober, and not drunk, within a half hour before he was found dead. There was evidence, which should have been submitted to the jury for its consideration, under proper instructions, tending to show that plaintiff's intestate was dead at the time his body, lying upon defendant's track, was struck by its train. The evidence tending to show defendant's liability for the death of deceased, because of its negligence as the proximate cause of his death, did not become pertinent, until the jury had first found that defendant killed the deceased.

We do not deem it necessary to discuss other assignments of error appearing in the case on appeal. For the errors assigned and sustained upon this appeal the defendant is entitled to a

New trial.